# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 15-20770
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
January 2, 2018

Lyle W. Cayce
Clerk

LARRY R. STEELE,

Petitioner-Appellant

v.

LORIE DAVIS, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION,

Respondent-Appellee

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:15-CV-3274

Before STEWART, Chief Judge, and DENNIS and HAYNES, Circuit Judges.
PER CURIAM:[*]

Larry R. Steele, Texas prisoner # 1864228, appeals the district court's dismissal of his 28 U.S.C. § 2254 petition for failure to exhaust state remedies. According to Steele, he properly exhausted his claims because he raised them on direct appeal and in a petition for discretionary review (PDR). The Respondent does not dispute that the district court committed error by

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

dismissing Steele's petition for failure to exhaust on the ground that Steele failed to raise his claims in a state habeas application.  We initially hold that the district court's dismissal of Steele's petition on that ground was error.  *See Busby v. Dretke*, 359 F.3d 708, 723 (5th Cir. 2004).

Nonetheless, the Respondent claims that, while three of the claims Steele raised in his § 2254 petition were properly exhausted, one of his claims was not.  As such, the Respondent contends that Steele's petition is mixed, and the district court erred by failing to treat it accordingly.

Steele's PDR raised three claims: (i) the evidence was insufficient to support his conviction; (ii) the State made an improper argument during the punishment phase of his trial; and (iii) the Texas appellate court that affirmed his conviction lacked jurisdiction.  Steele's § 2254 petition raised those claims but also raised the claim that the State made an improper argument during the guilt/innocence phase of his trial.  Because Steele did not raise this claim in his PDR, it is unexhausted.  *See Smith v. Quarterman*, 515 F.3d 392, 402 (5th Cir. 2008); *see also Holland v. Anderson*, 230 F. App'x 374, 377-79 (5th Cir. 2007) (holding that, where petitioner raised claim in his state-court direct appeal concerning impartiality of the jury during *punishment phase* of trial and raised a similar claim in his § 2254 petition but applied the claim to the *guilt/innocence phase* of trial, claim was not properly exhausted).

For the foregoing reasons, the judgment of the district court is VACATED and this matter is REMANDED for further proceedings consistent with this opinion.